UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Michael S. Kimm, Esq. (MK4475)
Thomas W. Park, Esq.
KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, NJ 07632
Tel: 201-569-2880
*Attorneys for Defendant Ambrosi Lim*

| | |
|---|---|
| DI BORSE, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMBROSI LIM, a/k/a/ HYUN SU<br>LIM, a/k/a CHERYL LIM,<br><br>                    Defendant. | 13-CV-_____<br><br><br><br><br>**Defendant's Notice of Removal** |

SIR/MADAM

PLEASE TAKE NOTICE that defendant Ambrosi Lim hereby removes this action from the Superior Court of New Jersey, Hudson County, Chancery Division, in which it is now pending, to the United States District Court for the District of New Jersey, at Newark, in pursuant to 28 U.S.C. § 1446(a) based upon the following grounds:

1.      Plaintiff's complaint was originally filed in Superior Court of New Jersey, Hudson County, Chancery Division, on May 30, 2012, and the court issued

1

a docket number of C-86-12. See Exhibit A. However, plaintiff served defendant with an incomplete set of papers, with defendant receiving only the first two pages of the complaint and not with the entire complaint, along with the summons.

3.    On September 14, 2012, the Superior Court dismissed this matter without prejudice for lack of prosecution pursuant to NJ Court Rule 1:13-7.

4.    On September 25, 2012, plaintiff filed an ex parte motion to restore this matter to the court's active calender and enter default against the defendant which was granted by the court. See Exhibit B.

5.    On November 21, 2012, defendant filed a motion to set aside default based on Plaintiff's defective service of original process of the summons and complaint, among other matters. See Exhibit C (w/o exhibits attached).   On November 29, 2012, plaintiff filed a two page opposition certification of plaintiff's counsel, Michael Menter, Esq. See Exhibit D.  On November 30, 2012, defendant filed a reply letter brief. See Exhibit E.

6.    On December 21, 2012, the Superior Court granted defendant's motion to set aside default and held that service of original process was defective because the full complaint had not been served, among other things. See Exhibit F.

7.    On January 11, 2012, plaintiff filed their first amended complaint, adding Ad Group Communique, LLC as a defendant, and served defendant's counsel that

2

same day. See Exhibit G.

8.   The first amended complaint included a new defendant, Ad Group
Communique, LLC.   On January 29, 2012, plaintiff filed a notice of voluntary
dismissal as against defendant Ad Group Communique, LLC. . See Exhibit H.

9.   This action is removable from NJ Superior Court to the United States
District Court for the District of New Jersey on the basis of diversity of citizenship
of the parties and the amount in controversy being in excess of $75,000 exclusive of
costs and interest in accordance with 28 U.S.C. § 1332(a).

10.   Plaintiff is a citizen and domiciliary of New York, a New York state
organized business entity having its primary place of business in New York City; and
defendant is a citizen and domiciliary of New Jersey,  and defendant now removes
this case to the United States District Court for the District of New Jersey based upon
the first amended complaint, which was served by mail on January 11, 2013.  As there
is only one named defendant in this matter, consent to removal of this action is not
necessary.

11.   In Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d Cir. 2005), this
Court implemented the Supreme Courts teachings as to the meaning of an "initial
pleading," for purposes of removal, stating that an incomplete pleading is not ripe for
removal until a complete version is properly served upon the defendant:

3

> In <u>Murphy Bros.</u>, the Supreme Court considered whether a complaint sent by facsimile, but not formally served on the defendant, could provide notice of removability under the first paragraph of 28 U.S.C. § 1446(b). <u>Id.</u> at 34748, 119 S.Ct. 1322. The plaintiff argued the 30day removal period started when the complaint was faxed because the statute provides that the period starts "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b) (emphasis added). The Court rejected this contention, and held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, `through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." <u>Murphy Bros.</u>, 526 U.S. at 34748, 119 S.Ct. 1322.

<u>Sikirica v. Nationwide Ins. Co.</u>, 416 F.3d 214, 221 (3d Cir. 2005). This court went on to discuss the insufficiency of the summons alone as the initial pleading, stating:

> We therefore hold that <u>Murphy Bros.</u> implicitly overruled <u>Foster</u>, and a writ of summons alone can no longer be the "initial pleading" that triggers the 30 day period for removal under the first paragraph of 28 U.S.C. § 1446(b).

<u>Id.</u> at 223.

12.    In the Order dated December 21, 2012, the Superior Court held that plaintiff had failed to serve a full copy of the complaint upon the defendant. <u>See Exhibit F</u>.

13.    The first effective service of the summons and complaint in this matter occurred when plaintiff's first amended complaint was served by mail on January 11, 2012.  This notice of removal is being filed within thirty (30) days of service of the

4

"initial pleading" within the meaning of the <u>Murphy Brothers</u> line of cases, <u>supra</u>, i.e., triggered by plaintiff's first amended complaint.

14.    A true and correct copy of this notice has been or will be filed with the Clerk of the Superior Court of New Jersey, Hudson County and has been served upon plaintiff today as required by 28 U.S.C. § 1441(a).

WHEREFORE, the named defendant hereby gives notice that this matter is removed from the Superior Court of New Jersey, Hudson County, Chancery Division to the United States District Court for the District of New Jersey, for disposition.

Dated: February 11, 2013                    Respectfully,

                                            /s/ Michael S. Kimm
                                            Michael S. Kimm
                                            Thomas W. Park

5

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The matter in controversy is the same action filed in the Superior Court of New Jersey, Hudson County, Chancery Division, on May 30, 2012, and docketed C-86-12, which is being removed for resolution and disposition before the United States District Court.


Dated: February 11, 2013                    /s/ Michael S. Kimm
                                             Michael S. Kimm, Esq.
                                             Thomas W. Park. Esq.
                                             Attorneys for Defendant

Certificate of Service

I certify the foregoing was filed upon the plaintiff in this action by email and hand delivery as follows:

> Michael R. Menter, Esq.
> Kirsch Gartenberg Howard, LLP
> Two University Plaza
> Hackensack, N.J. 07601

Dated: February 11, 2013                    /s/ Michael S. Kimm
                                            Michael S. Kimm

# Exhibit A

**KIRSCH GARTENBERG HOWARD LLP**
Two University Plaza
Hackensack, New Jersey 07601
*Attorneys for Plaintiff*
(201) 488-4644
----------------------------------------------------------------X

| | |
|---|---|
| DI BORSE, INC., | SUPERIOR COURT |
| | OF NEW JERSEY |
| Plaintiff, | CHANCERY DIVISION |
| | HUDSON COUNTY |
| -against- | DOCKET NO.: C-86-12 |
| | |
| AMBROSI LIM, a/k/a HYUN SU LIM, a/k/a | **SUMMONS** |
| CHERYL LIM, | |
| | |
| Defendant. | |

----------------------------------------------------------------X

**From the State of New Jersey**
To The Defendant(s) Named Above: **Ambrosi Lim, a/k/a Hyun Su Lim, a/k/a Cheryl Lim**

       The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

       If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all of part of the judgment.

       If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: June 1, 2012

                                  *Jennifer M. Perez*
                          Jennifer M. Perez, Clerk of the Superior Court

*Name of Defendant to Be Served:*     **Ambrosi Lim, a/k/a Hyun Su Lim, a/k/a Cheryl Lim** *Address of*
*Defendant to Be Served:*           **8100 River Road #818, North Bergen, NJ 07047**
NOTE: The Case Information Statement is available at www.njcourts.com
s:\h\di borse 4197.000\pleadings\summons.docx

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn:  Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

KIRSCH GARTENBERG HOWARD LLP
Two University Plaza
Hackensack, New Jersey 07601
*Attorneys for Plaintiff*
(201) 488-4644
-----------------------------------------------------------X

**F I L E D**

MAY 30 2012

HECTOR R. VELAZQUEZ, P.J. CH.

DI BORSE, INC.,

                       Plaintiff,

       -against-

AMBROSI LIM, a/k/a HYUN SU LIM, a/k/a
CHERYL LIM,

                     Defendant.
-----------------------------------------------------------X

SUPERIOR COURT
OF NEW JERSEY
CHANCERY DIVISION
HUDSON COUNTY
DOCKET NO.: C-86-12

COMPLAINT

      Plaintiff Di Borse, Inc., by its attorneys, alleges for its Complaint against the

defendant:

### FIRST COUNT

      1.     Plaintiff Di Borse, Inc. is a New York corporation located at 850 Madison

Ave., New York, NY 10021.

      2.     Defendant Ambrosi Lim, a/k/a Hyun Su Lim, a/k/a Cheryl Lim, is an

individual residing at 8100 River Road #818, North Bergen, NJ 07047. Defendant was formerly

the vice-president of plaintiff and a member of plaintiff's board of directors.

      3.     On September 19, 2008, without plaintiff's knowledge or approval,

defendant used her position as an officer and director of plaintiff to transfer to herself the title to

real property located at 8100 River Road, #818, North Bergen, New Jersey owned by Di Borse,

Inc.

      4.     As an officer and director of plaintiff, defendant owed a fiduciary duty and

a duty of undivided loyalty to plaintiff.

5.    In transferring plaintiff's real property to herself, defendant willfully, intentionally and deliberately breached those duties, causing injury to plaintiff through misappropriation of corporate assets.

WHEREFORE, plaintiff demands judgment declaring that defendant's taking of its property is null and void, awarding compensatory and punitive damages, plus attorney's fees, interest, cost of suit and such other relief as is appropriate.

## SECOND COUNT

6.    Plaintiff repeats and incorporates the allegations of all preceding paragraphs as if fully set forth herein.

7.    Defendant's unauthorized transfer of plaintiff's property to herself is an unlawful exercise of control or dominion over plaintiff's property that constitutes conversion.

8.    Defendant's conversion has deprived plaintiff of its property.

WHEREFORE, plaintiff demands judgment declaring that defendant's taking of its property is null and void, awarding compensatory and punitive damages, plus attorney's fees, interest, cost of suit and such other relief as is appropriate.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, plaintiff hereby designates Thomas S. Howard as Trial Counsel.

## CERTIFICATION OF NO OTHER ACTION

The undersigned certifies pursuant to R. 4:5-1 that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding; that no other action or arbitration proceeding is contemplated, and that no other parties should be joined in the within action.

2



KIRSCH
GARTENBERG
HOWARD LLP

Attorneys at Law

September 26, 2012

*via hand delivery*

Superior Court of N.J.
Hudson Vicinage - Civil Division
583 Newark Ave.
Jersey City, N.J. 07306

Re:    Di Borse, Inc. v. Lim
       Docket No. HUD-C-86-12

To whom it may concern:

        Enclosed for filing are an original and one copy of a Notice of Motion, Certification of Michael R. Menter, proposed form of Order and Certification of Service in the above matter.

        Please return one copy of each marked "filed" in the enclosed envelope. An additional envelope is also enclosed for the signed Order.  The filing fee should be charged to our account #0053650.

        Thank you.

        Sincerely,

        Michael R. Menter

Enclosures
cc (w/ encl.):  Ambrosi Lim, a/k/a Hyun Su Lim, a/k/a Cheryl Lim (*via Federal Express*)

*S:\H\Di Borse 4197.000\Correspondence\clerk 9-26-12.docx*

TWO UNIVERSITY PLAZA, SUITE 400, HACKENSACK, NEW JERSEY 07601  T 201.488.4644  F 201.488.6842
112 WEST 34TH STREET, 18TH FLOOR, NEW YORK, NEW YORK 10120  T 212.248.2936

**KIRSCH GARTENBERG HOWARD LLP**
Two University Plaza
Hackensack, New Jersey 07601
*Attorneys for Plaintiff*
(201) 488-4644
--------------------------------------------------------X

DI BORSE, INC.,

                                    Plaintiff,

              -against-

AMBROSI LIM, a/k/a HYUN SU LIM, a/k/a
CHERYL LIM,

                                    Defendant.
--------------------------------------------------------X

SUPERIOR COURT
OF NEW JERSEY
CHANCERY DIVISION
HUDSON COUNTY
DOCKET NO.: C-86-12

**NOTICE OF MOTION**

To:

              Ambrosi Lim, a/k/a Hyun Su Lim,
               a/k/a Cheryl Lim
              8100 River Road # 818
              North Bergen, NJ 07047
              *Defendant pro se*

              PLEASE TAKE NOTICE that on Friday, October 12, 2012 at 9:00 a.m., or as

soon thereafter as counsel can be heard, the undersigned, attorneys for plaintiff, shall move

before this Honorable Court at the Justice Brennan Court House, Jersey City, New Jersey, for an

Order restoring this matter to the court's active calendar, entering default against defendant

Ambrosi Lim a/k/a Hyun Su Lim, a/k/a Cheryl Lim, and granting such other relief as is proper.

              In support of this motion, plaintiff will rely on the accompanying Certification of

Michael R. Menter.

              Oral argument is not requested.

Dated:  September 25, 2012

                                                                                    1

KIRSCH GARTENBERG HOWARD LLP
*Attorneys for Plaintiff*

By:

Michael R. Menter

S:\H\Di Borse 4197.000\Pleadings\Motions\Motion to reinstate, enter default\NOM.docx

2

**KIRSCH GARTENBERG HOWARD LLP**
Two University Plaza
Hackensack, New Jersey 07601
*Attorneys for Plaintiff*
(201) 488-4644
-------------------------------------------------------------X

|  |  |
|---|---|
| DI BORSE, INC., | SUPERIOR COURT<br>OF NEW JERSEY<br>CHANCERY DIVISION<br>HUDSON COUNTY<br>DOCKET NO.: C-86-12 |

Plaintiff,

-against-

**CERTIFICATION OF**
**MICHAEL R. MENTER**

AMBROSI LIM, a/k/a HYUN SU LIM, a/k/a
CHERYL LIM,

Defendant.
-------------------------------------------------------------X

I, Michael R. Menter, certify as follows:

1.      I am an attorney associated with Kirsch Gartenberg Howard LLP,
attorneys for plaintiffs Di Borse, Inc. I make this certification in support of plaintiff's motion to
restore the matter to the court's active calendar and enter default against defendant.

2.      Plaintiff, through counsel, filed the complaint in this matter on May 30,
2012.

3.      A Summons and a copy of Complaint in this action were personally served
upon defendant Ambrosi Lim, a/k/a Hyun Su Lim, a/k/a Cheryl Lim on July 19, 2012. The
Affidavit of Service filed with this Court is attached hereto as Exhibit 1.

4.      On September 14, 2012, the court dismissed this matter without prejudice
for lack of prosecution pursuant to R. 1:13-7.

5.      The 30 days written notice requried by R. 1:13-7(a), which is to issue after
two months without a required proceeding, did not precede the court's dismissal. The court's
ACMS page for this matter is attached hereto as Exhibit 2.

6.      It is the belief of the undersigned that the court mistakenly dismissed this matter when the 30 days notice was intended, as the dismissal was nearly two months after proof of service was filed.

7.      Just days prior to receiving the notice of dismissal, the undersigned was contacted by an attorney on behalf of defendant. Although defendant is in default and plaintiff now seeks to enter default, plaintiff had held off on doing so while determining if the attorney would be making an appearance.

8.      The time within which defendant Ambrosi Lim, a/k/a Hyun Su Lim may answer or otherwise move as to the Complaint has expired.  Defendant Ambrosi Lim, a/k/a Hyun Su Lim has not answered or otherwise moved.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing is willfully false that I am subject to penalty for perjury.

Dated:  September 25, 2012

Michael R. Menter

S:\H\Di Borse 4197.000\Pleadings\Motions\Motion to reinstate, enter default\MRM Cert.docx

# Exhibit 1

Di Borse Inc          Plaintiff

        vs.

Ambrosi Lim a/k/a Hyun Su Lim      Defendant
a/k/a Cheryl Lim

**Person to be served (Name & Address):**
Ambrosi Lim A/K/A Hyun Su Lim
A/K/A Cheryl Lim
8100 River Road # 818
North Bergen, NJ 07047

**Attorney:**
Diane Favalora
Kirsch Gartenberg Howard LLP
Two University Plaza
Ste 400
Hackensack, NJ 07601

Small Claims Court of New Jersey
Chancery Division
Hudson County
Docket Number: HUD-C-86-12

# AFFIDAVIT OF SERVICE

(For Use by Private Service)

**FILED**

JUL 19 2012

SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CHANCERY DIVISION # 2

**Papers Served:** Summons and Complaint
**Service Data:**

Served Successfully __X__   Not Served_____    Date: _7/9/2012_    Time: _4:19 pm_    Attempts: _____

__X__   Delivered a copy to him / her personally

_____   Left a copy with a competent household
member over 14 years of age residing
therein

_____   Left a copy with a person authorized to
accept service, e.g. managing agent,
registered agent, etc.

Name of Person Served and relationship / title:

_____

_____

**Description of Person Accepting Service:**

Sex: _F_   Age: _43_   Height: _5'7"_   Weight: _140_   Skin Color: _Asain_    Hair Color: _Blonde_

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
              _____ Date _____ Time
( ) Other: _____

**Comments or Remarks:** 07/10/2012 1:14 pm  Served at work after Seven Attempts at the residence. Served at
Ad Group Communique LLC, 460 Bergen Blvd 4th Fl, Palisades Park, NJ.

**Server Data:**

Subscribed and Sworn to before me on the _10_
day of _____, _2017_ by the affiant
who is personally known to me.

_____
Robert H. Stalb
NOTARY PUBLIC of New Jersey
Commission Expires 3/14/2013

I, Rafael Fernandez, was at the time of service a
competent adult not having a direct interest in the
litigation. I declare under penalty of perjury that the
foregoing is true and correct.

_____
Signature of Process Server             Date

Lawyers Edge Process Service LLC
58 Main Street
Hackensack, NJ 07601
(201) 489-8080
Our Job Serial Number: LRP-2012042142
Ref: Di Borse

# Exhibit 2






ACMS Public Access: Case Document List

← 🔍 🏠 🖨 ✉ ❓   Page: 1

**END OF LIST**

| VENUE | : HUDSON | COURT : GENL EQUIT | DOCKET #: C   000086  12 |
| --- | --- | --- | --- |
| CASE TITLE : DI BORSE INC VS LIM | | | |

| SEL | DATE FILED | | DOC NUM | DOCUMENT TYPE | NON CONF | FILING/TARGET PARTY NAME | ATTORNEY NAME | MUL PTY | DOC STA |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 🔘 | 05 | 30 | 2012 | 001 | COMPLAINT | | | DI BORSE, INC | KIRSCH GARTE | N | |
| 🔘 | 07 | 19 | 2012 | 002 | SUMMONS | | 01 | LIM | ATTY REQUIRE | N | |
| 🔘 | 09 | 14 | 2012 | 003 | CRT INIT TO | DSM | | COURT INIT | | N | GR |

Screen ID:CVM1023 **Copyrighted © 2012 - New Jersey Judiciary**
Session ID: PK6KD2 Case Count: 1
BUILD 2012.1.0.02.02 Timer Count down: 295

9/25/2012 8:08 PM

**KIRSCH GARTENBERG HOWARD LLP**
Two University Plaza
Hackensack, New Jersey 07601
*Attorneys for Plaintiff*
(201) 488-4644
-----------------------------------------------------------X

| | |
|---|---|
| DI BORSE, INC., | SUPERIOR COURT<br>OF NEW JERSEY<br>CHANCERY DIVISION<br>HUDSON COUNTY |

                                    Plaintiff,          HUDSON COUNTY
                                                        DOCKET NO.: C-86-12

                    -against-                           **ORDER**

AMBROSI LIM, a/k/a HYUN SU LIM, a/k/a
CHERYL LIM;

                                    Defendant.
-----------------------------------------------------------X

This matter having been opened to the court by Michael R. Menter, attorney for

plaintiff, seeking an Order restoring the matter to the court's active calendar and entering default

upon defendant,

IT IS on this _____ day of _____ 2012 hereby

ORDERED that the complaint is hereby restored to the court's active calendar,

and it is

FURTHER ORDERED, that default is entered against defendant Ambrosi Lim,

a/k/a Hyun Su Lim, a/k/a Cheryl Lim, and it is

FURTHER ORDERED that copies of this Order be served upon defendant by

certified mail, return receipt requested, and by first class mail within ___ days of the date hereof.


                                        _____
                                        Hon. Hector R. Velazquez, J.S.C.


_____ Opposed       _____ Not Opposed

S:\F\Jan San - ADR - Galaxy 3134.008\Pleadings\Motion to dismiss\Order.docx

**KIRSCH GARTENBERG HOWARD LLP**
Two University Plaza
Hackensack, New Jersey 07601
*Attorneys for Plaintiff*
(201) 488-4644
------------------------------------------------------------X

|  |  |
|---|---|
| DI BORSE, INC., | SUPERIOR COURT |
| | OF NEW JERSEY |
| Plaintiff, | CHANCERY DIVISION |
| | HUDSON COUNTY |
| -against- | DOCKET NO.: C-86-12 |
| | |
| AMBROSI LIM, a/k/a HYUN SU LIM, a/k/a | **CERTIFICATION OF** |
| CHERYL LIM, | **SERVICE** |
| Defendant. | |

------------------------------------------------------------X

The undersigned certifies that copies of the annexed Notice of Motion, Certification of Michael R. Menter, and Proposed Order were served by Federal Express on September 26, 2012 addressed to:

Ambrosi Lim, a/k/a Hyun Su Lim,
 a/k/a Cheryl Lim
8100 River Road # 818
North Bergen, NJ 07047
*Defendant pro se*

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: September 26, 2012

Michael R. Menter

S:\H\Murphy 4048.000\pleading\Motion to extend discovery\cert of service.docx

# Exhibit C

KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, NJ 07632
Tel: 201-569-2880
*Attorneys for Defendant Ambrosi Lim*

**RECEIVED**

NOV 2 1 2012

SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CHANCERY DIVISION # 1

| | |
|---|---|
| DI BORSE, INC., | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | Chancery Division: Hudson County |
| v. | |
| AMBROSI LIM, a/k/a/ HYUN SU LIM, a/k/a CHERYL LIM, | C-86-12 |
| Defendant. | **Notice of motion to Set Aside Clerk's Entry of Default** |

Sir/Madam

Please take notice that defendant Ambrosi Lim will move before the Court on December 7, 2012, for Order setting aside the Clerks' entry of default and restoring this action to the active calendar.

Defendant will rely on this notice, the Lim Certification, the supporting Brief of Law and the record herein.

Oral argument is waived unless the Court directs.

A proposed Order is provided herewith.

Dated: November 21, 2012

_____
Michael S. Kimm, Esq.
Thomas W. Park, Esq.
KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, NJ 07632
201-569-2880

1

Certificate of Service

Thomas W. Park certifies the foregoing was served by email and mail upon the plaintiff's counsel as follows

> Michael R. Menter, Esq.
> Kirsch Gartenberg Howard, LLP
> Two University Plaza
> Hackensack, N.J. 07601
> email: mmenter@kghlaw.com

Dated: November 21, 2012

                                        _____
                                        Michael S. Kimm, Esq.
                                        Thomas W. Park, Esq.

1

KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, NJ 07632
Tel: 201-569-2880
*Attorneys for Defendant Ambrosi Lim*

| | |
|---|---|
| DI BORSE, INC., | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | Chancery Division: Hudson County |
| v. | |
| | C-86-12 |
| AMBROSI LIM, a/k/a/ HYUN SU LIM, a/k/a CHERYL LIM, | |
| Defendant. | **Order granting Defendant'smotion to Set Aside Clerk's Entry of Default** |

Upon the motion of defendant Ambrosi Lim for an Order setting aside the Clerks' entry of default and restoring this action to the active calendar; the Court having reviewed the moving and opposing papers and having considered any arguments of counsel; it is on this _____ day of December 2012

ORDERED that the Clerk's entry of default is hereby set aside and the case is restored to the active calendar;

ORDERED that counsel for the parties shall appear for a case management conference on _____, 2012, at _____ AM/PM.

_____
Hon. Hector R. Velazquez, P.J.S.C.

_____opposed
_____unopposed

2

KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, NJ 07632
Tel: 201-569-2880
*Attorneys for Defendant Ambrosi Lim*

| | |
|---|---|
| DI BORSE, INC., | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | Chancery Division: Hudson County |
| v. | |
| | C-86-12 |
| AMBROSI LIM, a/k/a/ HYUN SU LIM, a/k/a CHERYL LIM, | |
| Defendant. | **Certification of Ambrosi Lim in support of her motion to set aside Clerk's entry of default** |

AMBROSI LIM, of age, certifies:

1. I am the defendant in this matter and I make this certification in support of my

motion for an Order setting aside the Clerks' entry of default and restoring this action to the

active calendar.

2. My legal name is Ambrosi Lim and it was changed from the previous legal name

of Hyun Su Lim, when I became a naturalized citizen. Cheryl Lim is a name that I previously

used informally when I was still using Hyun Su Lim.

3. This litigation centers around a real property located at 8100 River Road, Suite

818, North Bergen, New Jersey, which the complaint alleges is "owned by Di Borse, Inc."

Compl. ¶ 3.

4. Di Borse, Inc., is a New York business entity which organized by my long-time

personal friend Eu Jung Jang (Jang) and her husband who owns Simmons Korea. Di Borse is wholly-owned by a South Korea based company known as Simmons Korea, which is a company that sells Simmons brand bedding products within South Korea. Di Borse was organized to design, manufacture, and sell at wholesale and directly at retail women's high fashion handbags.

5. I have been served with an incomplete set of papers, as I did not receive a full copy of the complaint. However, I did receive the summons along with the first two pages of the complaint, containing the allegations of Counts One and Two.

6. The subject property was originally purchased in the name of Di Borse, Inc., and was to be used by my friend as her local residence. The property was purchased for an approximately $1.55 million in cash.

7. As my friend operated her business, Di Borse, and as Di Borse needed operating capital, she requested me the favor of using my credit profile to obtain a mortgage secured by the property so as to use the funds in the business.

8. A mortgage loan of about $310,000 was taken out in my name in September 2008 and eventually transferred into the Di Borse account, when my friend instructed me to do so;. Then July 2009, the mortgage was re-financed to a total of about $600,000 so that addition funding of about $290,000 could be drawn and used by Di Borse. While that mortgage was still of record, my friend then requested me to obtain a home owner's equity credit line and draw against it, for Di Borse's operational needs, and there were two such draws — $250,000

in November 2009 and that was repaid and another large sum of $348,200 was drawn in December 2010, and eventually used by Di Borse. The running total of mortgage plus equity line is about $948,000 in principal as of 2010.

9.  During the course of these four financing transactions, approximately $948,000 principal was drawn as loans or equity loans and these sums were deposited or transferred into Di Borse's bank account.   The fact that the property is somehow "wrongfully" in the name of "Ambrosi Lim," which is the core allegation of the complaint, is bizarre as the reason for this is because plaintiff specifically requested me to do so in my name, using my credit profile and standing, because it believed that it could not obtain funding in its own name or in the name of its own principals who are all Korea-based and without U.S. identity, social security numbers, credit standing, or other factors required by lenders.

10.  Annexed hereto are my bank records showing that the following funds were transferred to plaintiff's bank account at various intervals, as requested and instructed by Di Borse's own owner, my former friend:

10.1 On July 27, 2009, the sum of $291,345 was transferred by me into Di Borse's Woori America Bank account number 727005290, as shown in Exhibit A.

10.2. On February 19, 2010, the sum of $280,250 was transferred by me into Di Borse's Woori America Bank account number 727005290, as shown in Exhibit B.

10.3. During 2011 and 2012, in various deposits a total of $389,020.00 was transferred by me into Di Borse's Woori America Bank account number 727005290, as

3

shown in <u>Exhibit C</u>.

      10.4.  The running total of the foregoing is $960,615.00.  At the time, there was a potential shortfall of operating cashflow; at my friend's request,  I covered that shortfall and I am now owed $10,000.00 from these transfers.  The sheer suggestion that there is money "unaccounted for" is laughable, as plaintiff has always known based upon internal financial records.

      11.  I have never held myself out as the owner of this property; and indeed I have suffered many impediments because of this being on my credit profile.  I have never refused to transfer title to the property and I do not even want title to this property but plaintiff has failed to present me with a deed or any other instrument whereby title would be passed from me to plaintiff.  Jang's husband has resorted to litigation on the assumption that I may have spent all of the loans drawn from the property because my friend Jang presumably told her husband, quite falsely, that she had no idea where the money went, so as to avoid discussing how she blew millions of dollars in a new high-risk business venture — in the high fashion industry, no less — that was inadequately funded by her.

      12.  Plaintiff's request for "accounting" is ludicrous and laughable because plaintiff has had all the bank records within its disposal at all times.  Indeed, the Treasurer of Simmons Korea was the person who had exclusive control and authority over the corporate books and records of Di Borse, and was here in the United States supervising operations on a periodic basis.  Indeed, the Treasurer was assisted by lawyers based in the United States, at Los Angeles.  When the paper trail shown above is fully presented, this lawsuit will be

4



revealed as a frivolous suit.

13.   Before filling this motion, it is my understanding my attorneys requested plaintiff's counsel to enter into a Consent Order to set aside entry of default against me. Exhibit 4.  To my understanding, this request was not responded by plaintiff at all.

I certify the foregoing is true; I am aware that if any of the foregoing is willfully false I am subject to punishment.


Dated: November 20, 2012                                        Ambrosi Lim


Certificate as to Facsimile Signature


Michael S. Kimm certifies the foregoing is a facsimile signature of the signor; if the original is required to be filed, it will be filed with the Clerk's Office.


Dated: November 20, 2012                                        Michael S. Kimm


5

KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, NJ 07632
Tel: 201-569-2880
*Attorneys for Defendant Ambrosi Lim*

| | |
|---|---|
| DI BORSE, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMBROSI LIM, a/k/a/ HYUN SU LIM,<br>a/k/a CHERYL LIM,<br><br>                    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>Chancery Division: Hudson County<br><br><br>C-86-12<br><br><br><br><br><br>**Defendant of Ambrosi Lim's Brief of Law<br>in support of her motion to set aside<br>Clerk's entry of default** |

Ambrosi Lim respectfully submits this brief of law in support of her motion for an

Order setting aside the Clerks' entry of default and restoring this action to the active

calendar.

## ARGUMENT

### I

### CLERK'S DEFAULT SHOULD BE SET ASIDE AND THE CASE RESTORED TO THE MERITS CALENDAR AS MS. LIM'S PAPERS PRESENT A GOOD CAUSE AND GOOD FAITH DEFENSE TO THE COMPLAINT

This litigation centers around a real property located at 8100 River Road, Suite 818,

North Bergen, New Jersey, which the complaint alleges is "owned by Di Borse, Inc." Compl.

1

¶ 3.

Di Borse, Inc., is a New York business entity which organized by defendant's long-time personal friend Eu Jung Jang (Jang) and her husband who owns Simmons Korea. Di Borse is wholly-owned by a South Korea based company known as Simmons Korea, which is a company that sells Simmons brand bedding products within South Korea. Di Borse was organized to design, manufacture, and sell at wholesale and directly at retail women's high fashion handbags.

Ms. Lim was served with an incomplete set of papers, receiving only the summons along with the first two pages of the complaint, containing the allegations of Counts One and Two.

On November 5, 2012, we wrote the Court a letter describing the fact that Ms. Lim had retained Moses & Singer before "default" was entered, and that Moses & Singer had not secured an extension of time while it negotiated a pre-answer settlement of the dispute. That letter is annexed hereto in redacted form; the Court has been provided with an unredacted form including the Moses & Singer retainer agreement.

In her certification supporting this motion, she has annexed Di Borse bank records showing that the following funds were transferred to plaintiff's bank account at various intervals, as requested and instructed by Di Borse's own owner, her former friend:

On July 27, 2009, the sum of $291,345 was transferred by Ms. Lim into Di Borse's Woori America Bank account number 727005290, as shown in Exhibit 1.

On February 19, 2010, the sum of $280,250 was transferred by Ms. Lim into Di

Borse's Woori America Bank account number 727005290, as shown in Exhibit 2.

During 2011 and 2012, in various deposits a total of $389,020.00 was transferred by Ms. Lim into Di Borse's Woori America Bank account number 727005290, as shown in Exhibit 3.

The running total of the foregoing is $960,615.00; clearly plaintiff has lost no funds and the accounting claim will be proved as frivolous in this case.

As to plaintiff's assertion that plaintiff's property has been comandeered by defendant, nothing could be further from the truth.  If the property was indeed used to obtain loans for use by Di Borse itself, through Eu Jung Jang, its president and wife of the owner, then even that claim will be starkly revealed as frivolous.

Rule 4:43-3 provides that the Court may set aside an entry of default for good cause shown. The required good-cause showing for setting aside an entry of default pursuant to this rule is clearly a less stringent standard than that imposed by R. 4:50-1 for setting aside a default judgment. Verniero & Pressler, Current N.J. Court Rules, Comment to R. 4:43-3 (2013); citing NJ Mfrs. Ins. V. Prestige Health, 406 N.J. Super. 354, 360 (App. Div. 2009); Bernhardt v. Alden Café, 374 N.J. Super. 271, 276, 277 (App. Div. 2005).

An application to vacate a default judgment is "viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd, 43 N.J. 508 (1964).  A fortiori a clerk's entry should be set aside more liberally than default judgments.  In this regard, "[a]ll doubts... should be resolved in favor of the parties seeking relief." Davis v.

3

DND/Fidoreo, Inc., 317 N.J. Super. 92, 99 (1998); citing Mancini v. EDS ex rel. New Jersey

Auto. full Ins. Underwriting Assoc., 132 N.J. 330, 335-36 (1993) (further citation omitted).

## CONCLUSION

For the foregoing reasons, the Court should set aside the Clerk's entry of default and

restore this case to the active track and thereupon, respectfully, conduct a case management

conference.

Dated: November 21, 2012                    Respectfully,

                                            Michael S. Kimm
                                            Thomas W. Park

4



# Fax Transmission

## Kirsch Gartenberg Howard LLP

**TELEPHONE: (201) 488-4644**

**FACSIMILE: (201) 488-6842**

Two University Plaza
HACKENSACK, NEW JERSEY 07601

112 WEST 34TH ST, 18TH FLOOR
NEW YORK, NEW YORK 10120

email: mmenter@kghlaw.com

---

| | | |
|---|---|---|
| **DATE:** | November 29, 2012 | **FILE NO.:** 4197.000 |
| **TO:** | Hon. Hector R. Velasquez, P.J.Ch.<br>Thomas W. Park, Esq. | **FAX No.:** 201-217-4604<br>201-569-2881 |
| **FROM:** | Michael Menter, Esq. | **NO. OF PAGES:** 4<br>(Including this cover) |
| **RE:** | Di Borse, Inc. v. Lim;<br>Docket No. HUD-C-86-12 | |

---

**MESSAGE:**

Please see attached.



**KIRSCH GARTENBERG HOWARD** LLP

Attorneys at Law

November 29, 2012

*Via N.J. Lawyer's Service*

Superior Court of New Jersey
Chancery/General Equity Clerk
William J. Brennan Courthouse
583 Newark Ave., 2nd Floor
Jersey City, N.J. 07306

    Re:  Di Borse, Inc. v. Lim
        Docket No. HUD-C-86-12

To whom it may concern:

    Enclosed for filing are an original and one copy Certification of Michael R. Menter, and Certification of Service in the above matter.

    Please return one copy of each marked "filed" in the enclosed envelope. The filing fee, if any, should be charged to our account #0053650.

    Thank you.

            Sincerely,

            Michael R. Menter

Enclosures
cc (w/ encl.): Hon. Hector R. Velazquez, P.J.Ch. (*via fax and N.J. Lawyer's Service*)
      Michael S. Kimm, Esq. (*via fax and N.J. Lawyer's Service*)

*S:\H\Di Borse 4197.000\Correspondence\clerk 9-26-12.docx*

TWO UNIVERSITY PLAZA, SUITE 400, HACKENSACK, NEW JERSEY 07601 T 201.488.4644 F 201.488.6842
112 WEST 34TH STREET, 18TH FLOOR, NEW YORK, NEW YORK 10120 T 212.248.2936

KIRSCH GARTENBERG HOWARD LLP
Two University Plaza
Hackensack, New Jersey 07601
*Attorneys for Plaintiff*
(201) 488-4644
------------------------------------------------------------X

DI BORSE, INC.,

                                Plaintiff,

            -against-

AMBROSI LIM, a/k/a HYUN SU LIM, a/k/a
CHERYL LIM,

                             Defendant.
------------------------------------------------------------X

SUPERIOR COURT
OF NEW JERSEY
CHANCERY DIVISION
HUDSON COUNTY
DOCKET NO.: C-86-12

CERTIFICATION OF
MICHAEL R. MENTER

I, Michael R. Menter, certify as follows:

1.    I am an attorney associated with Kirsch Gartenberg Howard LLP, attorneys for plaintiffs Di Borse, Inc. I make this certification in opposition to defendant's motion to set aside the default judgment.

2.    Defendant was served with a summons and a copy of the complaint on July 19, 2012.

3.    Although defendant contends that she was served with only the first two pages of the complaint, the complaint itself was only three pages; the last containing only a certification of counsel and signature. Defendant was not prejudiced in her ability to respond to the pleadings.

4.    Defendant made no appearance whatsoever in response to the complaint until a November 5, 2012 letter by her new counsel to the court, despite having retained counsel.

5.    In the meantime, I was contacted by defendant's prior counsel nearly two months after defendant was served and just days prior to the court's dismissal of this matter for lack of prosecution.

6.    Defendant's certification does not dispute the crux of the complaint, i.e., that she maintains title to property that belongs to plaintiff.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing is willfully false that I am subject to penalty for perjury.

Dated:  November 29, 2012

Michael R. Menter

S:\H\Di Borse 4197.000\Pleadings\Motions\Motion to vacate default\Opp Cert.docx

# KIMM LAW FIRM

333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
Tel 201-569-2880
Fax 201-569-2881

PLEASE RESPOND TO NJ

11 E. 44th Street, Suite 1400
New York, New York 10017
Writer's Email:

msk@kimmlaw.com

November 30, 2012

By fax

Hon. Hector R. Velazquez, P.J.S.C.
Hudson County Superior Court
583 Newark Avenue
Jersey City, N.J. 07306

Re: Di Borse, Inc., v. Ambrosi Lim, et al., C-86-12

Dear Presiding Judge Velazquez:

We represent Ms. Lim whose motion to set aside the Clerk's entry of default is pending for December 7, 2012, and we write in reply after reviewing the two-page opposition certification of plaintiff's counsel Mr. Menter dated November 29.

Plaintiff quibbles that Ms. Lim's prior counsel Moses & Singer may have been a bit tardy but it certainly does not negate Ms. Lim's own intention to address the dispute in a timely manner. The retainer agreement we previously provided the Court, under our letter dated November 5, 2012, was fully executed on August 29, 2012, apparently well before default was noted, and we certainly cannot account for Moses & Singer's failure to take any preventive action.

Plaintiff's counsel's two-page certification does not dispute the merits. Against the fully detailed bank records showing $960,615.00, as detailed in paragraph 10 (spefically paragraph 10.4) of the Lim Certification, plaintiff is unble to even hint, much less prove, that such deposits were not actually made. On the contrary, all of the money that was borrowed by, or on behalf of, plaintiff having been fully repaid — and actually $10,000 more having been extended by Ms. Lim — plaintiff's case is distinctly unmeritorious and may ultimately be demonstrated as a fraud upon the court by plaintiff, in due course.

At this time, Ms. Lim's papers show more than a "good faith" basis to set aside the Clerk's default notation and to proceed with the merits of the case, if the plaintiff insists on proceeding to the merits of the case.

Page 2

If there is to be oral argument on our pending motion, we would appreciate word from Chambers.

Thank you for your consideration.

Respectfully,

Michael S. Kimm
Thomas W. Park

cc:    Michael R. Menter, Esq., by email

# KIMM LAW FIRM

333 SYLVAN AVENUE, SUITE 106
ENGLEWOOD CLIFFS, NEW JERSEY 07632
TEL: 201-569-2880          PLEASE REPLY TO ENGLEWOOD CLIFFS
FAX: 201-569-2881

11 E. 44TH STREET, SUITE 1400
NEW YORK, NEW YORK 10017

## FAX COVER PAGE

**ATTN:**      Honorable Hector R. Velazquez, P.J.S.C.

**FAX NO.:**   (201) 217-4604

**Re:**        Di Borse, Inc. v. Ambrosi Lim, et al.
               Docket No.: C-86-12

**DATE:**      November 30, 2012

**TOTAL NUMBER OF PAGES (with cover): 3**

**NOTES:**

**CONFIDENTIALITY NOTICE. This transmission is private, confidential and may be
legally privileged. It is intended solely for the named recipient or an authorized
representative. If you have received this transmission in error, please call us and we will
arrange for pick up at our expense. THANK YOU.**

✳ ✳ ✳ Communication Result Report ( Nov. 30. 2012  3:50PM ) ✳ ✳ ✳

1)
2)

Date/Time: Nov. 30.  2012  3:50PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 1460 | Memory TX | 12012174604 | P.   3 | OK | |

-------------------------------------------------------------------------------
Reason for error
    E. 1) Hang up or line fail
    E. 3) No answer                              E. 2) Busy
    E. 5) Exceeded max. E-mail size              E. 4) No facsimile connection

## KIMM LAW FIRM

333 SYLVAN AVENUE, SUITE 106
ENGLEWOOD CLIFFS, NEW JERSEY 07632
TEL: 201-569-2880          PLEASE REPLY TO ENGLEWOOD CLIFFS
FAX: 201-569-2881

11 E. 44TH STREET, SUITE 1400
NEW YORK, NEW YORK 10017

### FAX COVER PAGE

**ATTN:**     Honorable Hector R. Velazquez, P.J.S.C.

**FAX NO.:**  (201) 217-4604

**Re:**       Di Borse, Inc. v. Ambrosi Lim, et al.
             Docket No.: C-86-12

**DATE:**     November 30, 2012

**TOTAL NUMBER OF PAGES (with cover): 3**

**NOTES:**

CONFIDENTIALITY NOTICE. This transmission is private, confidential and may be
legally privileged. It is intended solely for the named recipient or an authorized
representative. If you have received this transmission in error, please call us and we will
arrange for pick up at our expense. THANK YOU.

**FILED**

DEC 2 1 2012

HECTOR R. VELAZQUEZ, P.J. CH.

KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, NJ 07632
Tel: 201-569-2880
*Attorneys for Defendant Ambrosi Lim*

|  |  |
|---|---|
| DI BORSE, INC., | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | Chancery Division: Hudson County |
| v. | |
| | C-86-12 |
| AMBROSI LIM, a/k/a/ HYUN SU LIM, a/k/a CHERYL LIM, | |
| Defendant. | **Order granting Defendant's motion to Set Aside Clerk's Entry of Default** |

Upon the motion of defendant Ambrosi Lim for an Order setting aside the Clerks' entry of default and restoring this action to the active calendar; the Court having reviewed the moving and opposing papers and having considered any arguments of counsel; it is on this _21st_ day of December 2012

ORDERED that the Clerk's entry of default is hereby set aside and the case is restored to the active calendar;

ORDERED that counsel for the parties shall appear for a case management conference on _____, 2012, at _____ AM/PM.

_____
Hon. Hector R. Velazquez, P.J.S.C.

X opposed
___ unopposed

2

**F I L E D**

DEC 2 1 2012

HECTOR REVELA VAZQUEZ P.J.CH.

**Relief Requested**

Defendant Ambrosi Lim moves to set aside Default Judgment and to restore the case to the Court's calendar.

**Contention of Moving Party, Defendant Ambrosi Lim**

Defendant requests that the Court set aside Default judgment for the following reasons:

1. She was improperly served the Summons and Complaint, since she received only two pages.
2. Defendant retained Moses & Singer for representation; however, Counsel was not able to secure an extension of time from the court while negotiating a pre-answer settlement of the dispute.

**Contentions of Non Moving Party, Plaintiff Di Borse, Inc.**

In opposition to Defendant's motion, Plaintiff argues the following:

1. Defendant was served the Summons and a copy of the Complaint. However, even if the Defendant only received the first two pages of the complaint, the Defendant was not prejudiced in her ability to respond.
2. Defendant's prior counsel had contacted Plaintiff two months after defendant was served and days prior to the court's dismissal of the matter for lack of prosecution.
3. Defendant's certification does not dispute the crux of the complaint, "that she maintains title to property that belongs to plaintiff."

**Facts**

1. On July 19, 2012 Plaintiff served Defendant with Summons and Complaint.
2. November 5, 2012, Defendant sent a letter to the Court stating that Ms. Lim retained Moses & Singer before 'default' was entered, but that Moses & Singer had not secured an extension of time for the case since Counsel was negotiating a Pre-Answer settlement of the dispute.
3. November 26, 2012 Counsel for Defendant, the Kimm Law Firm filed this Motion to Set Aside Default.

**Analysis**

Defendant Lim moves to set aside this Court's entry of Default. According to New Jersey Court Rule 4:43-3, "Setting Aside Default," "for good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 4:50."

The underlying matter is in default, thus, the Defendant need only demonstrate "good cause" for the Court to restore the case to the Court's Calendar. Upon review of each party's submissions, this Court will set aside Default and restore the case to the Court's active calendar.

An application to vacate default is "viewed with great liberality; and every reasonable ground for indulgence is tolerated to the end that a just result is reached." *Marder v. Realty Constr. Co*, 84 N.J. Super. 313, 319 (App. Div. 1964). In this regard, "[a]ll doubts…should be resolved in favor of the parties seeking relief." *Davis v.*

*DND/Fideoreo, Inc.*, 317 N.J. Super. 92,99 (1998).  Here, Defendant argues that she only received the summons along with the first two pages of the complaint and that her current counsel had not been able to obtain an extension of time while in negotiation of a pre-answer settlement.  Defendant's allegations are sufficient to meet the low threshold of "good cause" required under *R.* .4:43-3.

New Jersey Courts indulge motions to vacate default with great liberality, and Plaintiff has failed to satisfy its burden in demonstrating that vacating default would result in an injustice.  Receipt of an insufficient Complaint, as well as counsel's delay on the extension of time due to negotiations of a pre-answer settlement are sufficient good cause under *R.* 4:43-3;  See *Marder*, 84 N.J. Super. at 319. While Plaintiff argues that the third page of the complaint only contained a Certification of counsel and a Signature, Plaintiff has failed to provide a copy of the complaint.  Further, Plaintiff has not provided proof of its communications with Defendant's prior counsel to bolster its allegations that it was in contact with Defendant's representation before the Court dismissed the matter for lack of prosecution.  As a result, pursuant to *Davis*, "all doubts should be resolved in favor of the parties seeking relief." 317 N.J. Super at 99.


Defendant's Motion to Set Aside Default is Hereby Granted.



### KIRSCH GARTENBERG HOWARD LLP

Attorneys at Law

January 11, 2013

*Via Federal Express*

Superior Court of New Jersey
Chancery/General Equity Clerk
William J. Brennan Courthouse
2nd Floor
583 Newark Avenue
Jersey City, NJ  07306

Re:    DiBorse, Inc. v. Lim
       Docket No. HUD-C-86-12

To whom it may concern:

Enclosed for filing are an original and one copy of the First Amended Complaint and Affidavit of Service in the captioned action.

Please return the copy marked "filed" in the enclosed envelope.  The filing fee should be charged to our account #0053650.

Thank you.

Sincerely,

Michael R. Menter

Enclosures

cc: Michael S. Kimm, Esq. (*via Federal Express and email*)

S:\H\Di Borse 4197.000\Correspondence\clerk 1-11-13.docx

TWO UNIVERSITY PLAZA, SUITE 400, HACKENSACK, NEW JERSEY 07601  T 201.488.4644  F 201.488.6842
112 WEST 34TH STREET, 18TH FLOOR, NEW YORK, NEW YORK 10120  T 212.248.2936

**KIRSCH GARTENBERG HOWARD LLP**
Two University Plaza
Hackensack, New Jersey 07601
*Attorneys for Plaintiff*
(201) 488-4644

-----------------------------------------------------------X

DI BORSE, INC.,

                              Plaintiff,

              -against-

AMBROSI LIM, a/k/a HYUN SU LIM, a/k/a
CHERYL LIM, and AD GROUP COMMUNIQUE,
LLC,

                         Defendants.

-----------------------------------------------------------X

SUPERIOR COURT
OF NEW JERSEY
CHANCERY DIVISION
HUDSON COUNTY
DOCKET NO.: C-86-12

**FIRST AMENDED
COMPLAINT**

        Plaintiff Di Borse, Inc., by its attorneys, alleges for its First Amended Complaint

against the defendant:

### FIRST COUNT

    1.    Plaintiff Di Borse, Inc. is a New York corporation located at P.O. Box

7406, New York, NY 10116.

    2.    Defendant Ambrosi Lim, a/k/a Hyun Su Lim, a/k/a Cheryl Lim, is an

individual residing at 8100 River Road #818, North Bergen, NJ 07047. Defendant Lim was

formerly the vice-president of plaintiff, a member of plaintiff's board of directors, and sole

representative of the corporation in the United States.

    3.    At all material times prior to the termination of her position as an officer,

director and employee of plaintiff, defendant Lim was the sole representative of plaintiff residing

on a full-time basis in the United States and was charged with the responsibility of conducting

the affairs of the corporation in accordance with her fiduciary duties.

4.     Defendant Ad Group Communique, LLC is a New Jersey limited liability company located at 460 Bergen Boulevard, Suite 400, Palisades Park, NJ 07650. Defendant Lim is the Chief Executive Officer and principal owner of defendant Ad Group Communique.

## SECOND COUNT

1.     On June 4, 2008, Di Borse, Inc. purchased real property in the form of unit #818 of the condominium residences located at 8100 River Road, North Bergen, NJ 07047 from WCI Towers Northeast USA, Inc. for a price of $1,550,000, as evidenced by a deed dated June 4, 2008 that was filed with the Hudson County Clerk on September 11, 2008.

2.     On September 19, 2008, without plaintiff's knowledge or approval, defendant misused her position as an officer and director of plaintiff to transfer to herself the title to the real property located at 8100 River Road, #818, North Bergen, New Jersey by a "Corrective Quit Claim Deed" and an "Affidavit of Title" that she falsely signed on behalf of plaintiff.

3.     As an officer and director of plaintiff, defendant Lim owed a fiduciary duty and a duty of undivided loyalty to plaintiff.

4.     In transferring plaintiff's real property to herself, defendant Lim willfully, intentionally and deliberately breached those duties, causing injury to plaintiff through misappropriation of corporate assets.

WHEREFORE, plaintiff demands judgment declaring that defendant's taking of its property is null and void, awarding compensatory and punitive damages, plus attorney's fees, interest, cost of suit and such other relief as is appropriate.

## THIRD COUNT

1.     Plaintiff repeats and incorporates the allegations of all preceding paragraphs as if fully set forth herein.

2

2.    Defendant Lim's unauthorized transfer of plaintiff's property to herself was an unlawful exercise of control or dominion over plaintiff's property that constitutes conversion.

3.    Defendant Lim's conversion has deprived plaintiff of its property.

WHEREFORE, plaintiff demands judgment declaring that defendant Lim's taking of its property is null and void, awarding compensatory and punitive damages, plus attorney's fees, interest, cost of suit and such other relief as is appropriate.

## FOURTH COUNT

1.    Plaintiff repeats and incorporates the allegations of all preceding paragraphs as if fully set forth herein.

2.    Despite due request, defendant Lim has failed and refused to turnover to plaintiff any of the books or records of the corporation or any documents, information or things related to the corporation's business, including all transactions in which she engaged on behalf of the corporation.

3.    Defendant Lim's failure to act constitutes a breach of her fiduciary obligations and an unlawful exercise of control or dominion over plaintiff's property that constitutes conversion.

4.    Defendant Lim's conversion has deprived plaintiff of its property.

WHEREFORE, plaintiff demands judgment: (a) directing defendant to account for all actions taken by her as an officer of the corporation; (b) turning over to plaintiff all the books and records of the corporation and all documents, information and things related to the corporation's business; (c) awarding compensatory and punitive damages for defendant's conduct, with attorney's fees, interest, cost of suit; and (d) granting such other relief as is appropriate.

3

### FIFTH COUNT

1.   Plaintiff repeats and incorporates the allegations of all preceding paragraphs as if fully set forth herein.

2.   During the period of defendant Lim's tenure as an officer, director and employee of plaintiff, plaintiff entrusted her with its own funds to be utilized in furtherance of plaintiff's business operations in the United States.

3.   Defendant Lim wrongfully diverted, misappropriated and/or wasted plaintiff's funds..

4.   Defendant Lim's actions constitute a breach of her fiduciary obligations and an unlawful exercise of control or dominion over plaintiff's property that constitutes conversion.

WHEREFORE, plaintiff demands judgment: (a) against defendant Lim in the amount of the money squandered; (b) awarding compensatory and punitive damages for defendant's conduct, with attorney's fees, interest, cost of suit; and (c) granting such other relief as is appropriate.

### SIXTH COUNT

1.   Plaintiff repeats and incorporates the allegations of all preceding paragraphs as if fully set forth herein.

2.   In the course of her employment by plaintiff, defendant Lim engaged her company, defendant Ad Group Communique, to develop a website for plaintiff at the address www.abrosiabrianna.com using GoDaddy.com as the web host.

3.   Although defendant Ad Group Communique was paid for these services, it has failed and refused to turn over to plaintiff the control and the rights to the website.

4.    As a consequence of defendant's wrongful act, plaintiff has been prevented from making use of and updating the website, which has caused and will continue to cause it injury.

WHEREFORE, plaintiff demands judgment: (a) directing defendant Ad Group Communique and defendant Lim to turn over all rights to and all control of the website at www.ambrosiabrianna.com to plaintiff; (b) awarding compensatory and punitive damages for defendants' wrongful retention of control and other unlawful conduct, with attorney's fees, interest, and costs of suit; and (c) granting such other relief as is appropriate.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, plaintiff hereby designates Thomas S. Howard as Trial Counsel.

## CERTIFICATION OF NO OTHER ACTION

The undersigned certifies pursuant to R. 4:5-1 that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that no other parties should be joined in the within action.

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(C)

The undersigned certifies that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated:  January 11, 2013

KIRSCH GARTENBERG HOWARD LLP
*Attorneys for Plaintiff*

By:_____
Thomas S. Howard

s:\h\di borse 4197.000\pleadings\amended complaint.docx

5

**KIRSCH GARTENBERG HOWARD LLP**
Two University Plaza
Hackensack, New Jersey 07601
*Attorneys for Plaintiff*
(201) 488-4644
------------------------------------------------------------X

DI BORSE, INC.,

                            Plaintiff,

              -against-

AMBROSI LIM, a/k/a HYUN SU LIM, a/k/a
CHERYL LIM,

                       Defendant.
------------------------------------------------------------X

SUPERIOR COURT
OF NEW JERSEY
CHANCERY DIVISION
HUDSON COUNTY
DOCKET NO.: C-86-12

**CERTIFICATION OF SERVICE**

      The undersigned certifies that a copy of the annexed Amended Complaint were served by Federal Express and email on January 11, 2013 addressed to:

      Michael S. Kimm, Esq.
      Kimm Law Firm
      333 Sylvan Avenue
      Suite 106
      Englewood Cliffs, NJ 07632
      msk@kimmlaw.com

      I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated:  January 11, 2013

                                         Michael R. Menter

S:\H\Di Borse 4197.000\Pleadings\Cert of Service - amended complaint.docx

**KIRSCH GARTENBERG HOWARD LLP**
Two University Plaza
Hackensack, New Jersey 07601
*Attorneys for Plaintiff*
(201) 488-4644
-----------------------------------------------------------X

DI BORSE, INC.,

                                    Plaintiff,

            -against-

AMBROSI LIM, a/k/a HYUN SU LIM, a/k/a
CHERYL LIM, and AD GROUP COMMUNIQUE,
LLC,

                                    Defendants.
-----------------------------------------------------------X

SUPERIOR COURT
OF NEW JERSEY
CHANCERY DIVISION
HUDSON COUNTY
DOCKET NO.: C-86-12

**NOTICE OF VOLUNTARY
DISMISSAL AS AGAINST
DEFENDANT AD GROUP
COMMUNIQUE, LLC ONLY**

            Pursuant to Rule 4:37-1(a), the undersigned hereby voluntarily dismisses the

captioned action without prejudice as against defendant Ad Group Communique, LLC *only.*

Dated:   January 29, 2013

                              KIRSCH GARTENBERG HOWARD LLP
                              *Attorneys for Plaintiff*

                              By:_____
                                    Thomas S. Howard

S:\H\Di Borse 4197.000\Pleadings\Notice of Voluntary Dismissal - AdGroup.docx



**KIRSCH**
**GARTENBERG**
**HOWARD** LLP

Attorneys at Law

January 30, 2013

*Via N.J. Lawyer's Service*

Superior Court of New Jersey
Chancery/General Equity Clerk
William J. Brennan Courthouse
583 Newark Ave., 2nd Floor
Jersey City, N.J. 07306

Re:   Di Borse, Inc. v. Lim
      Docket No. HUD-C-86-12

To whom it may concern:

Enclosed for filing are an original and one copy a Notice of Voluntary Dismissal as Against Defendant Ad Group Communique, LLC Only in the above matter.

Please return the copy marked "filed" in the enclosed envelope.

Thank you.

Sincerely,

Diane Favalora, Legal Assistant

Enclosures
cc (w/encl.):  Ad Group Communique, LLC
s:\h\di borse 4197.000\correspondence\clerk 1-30-13(2).docx

TWO UNIVERSITY PLAZA, SUITE 400, HACKENSACK, NEW JERSEY 07601   T 201.488.4644   F 201.488.6842
112 WEST 34TH STREET, 18TH FLOOR, NEW YORK, NEW YORK 10120   T 212.248.2936



KIRSCH
GARTENBERG
HOWARD LLP

TWO UNIVERSITY PLAZA
SUITE 400
HACKENSACK, NEW JERSEY 07601



UNITED STATES POSTAGE
PITNEY BOWES
02 1P          $ 000.45⁰
0004453042   JAN 30 2013
MAILED FROM ZIP CODE 07601

Ad Group Communique, LLC
460 Bergen Boulevard
Suite 400
Palisades Park, NJ  08750

07650$2957